**UNITED STATES of America,**
**Appellant,**

v.

**2979.72 ACRES OF LAND, MORE OR LESS, IN THE COUNTY OF HALIFAX, VIRGINIA, Olive Vaughan Williams, et al., and unknown owners, Appellees.**

**No. 6839.**

United States Court of Appeals
Fourth Circuit.

Argued Aug. 30, 1956.

Decided Sept. 11, 1956.

Harold S. Harrison, Attorney, Department of Justice, Washington, D. C. (Perry W. Morton, Asst. Atty. Gen., John Strickler, U. S. Atty., Roanoke, Va., and Roger P. Marquis, Attorney, Dept. of Justice, Washington, D. C., on brief), for appellant.

Ralph H. Ferrell, Jr., Richmond, Va. (T. Justin Moore, Francis V. Lowden, Jr., and Hunton, Williams, Gay, Moore & Powell, Richmond, Va., on brief), for appellees.

Before PARKER, Chief Judge, SOPER, Circuit Judge, and BRYAN, District Judge.

PER CURIAM.

A petition for rehearing insists that since the flowage easement of the power company had no value to it except for water power purposes, and since value for such purposes cannot be considered, it is not entitled to any compensation whatever for the destruction of its easement as a result of the government's taking. The answer is that the taking by the government is a proceeding in rem. It must pay as compensation for the taking the amount by which the value of the land is decreased as a result of the taking of the flowage easement, and the owner whose interest is damaged as a result of the taking of that easement is entitled to the compensation. There can be no question but that the power company here had acquired the interest in the land, i. e. the flowage rights, which the government is taking by condemnation, and that compensation for such taking should be made to the power company as the owner of that interest. And there can be no question, furthermore, but that the compensation to be paid is, not the value of that interest to the power company, but the difference in the value of the land with and without the flowage easement, not considering its value for water power purposes. The case is not one of paying compensation to the owner of the land for the imposition of an additional or second easement, but of allocating compensation between the owner of the fee and the owner of a flowage easement which is destroyed as a result of the taking.

Rehearing denied.